UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WAYNE AUSMUS, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 3:13-CV-148 |
| § | |
| DEUTSCHE BANK TRUST § | |
| COMPANY NATIONAL § | |
| ASSOCIATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Defendant Deutsche Bank Trust Company seeks dismissal of Plaintiffs Wayne and Faye Ausmus's case in light of the recent decision in *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667 (5th Cir. 2013), which held that Texas's four-year residual statute of limitations applies to claims alleging that a home equity loan was extended in violation of Article XVI, Section 50(a)(6) of the Texas Constitution. *Priester*, 708 F.3d at 674. Plaintiffs filed a lengthy and thorough response to the motion, which for the most part argues that *Priester* was wrongly decided. Because this Court is bound by *Priester*, the motion to dismiss is **GRANTED**.

**I.   BACKGROUND**[1]

Plaintiffs executed a home equity mortgage loan with Homecomings Financial, LLC, the predecessor in interest to Defendant, on November 14, 2006. The loan was secured by a Deed of Trust on Plaintiffs' real property located in Pearland, Texas. Plaintiffs do not dispute that they fell behind on their loan payments. Defendant sent a Final Notice of Default on September 20, 2011, and a Notice of Acceleration on November 30, 2011. On July 19, 2012, Defendant filed an Application for Expedited Foreclosure Proceeding in the 149th Judicial District of Brazoria County, and that court authorized Defendant to proceed with the foreclosure on November 20, 2012.

Plaintiffs filed this lawsuit on April 1, 2013 in the same state court that had authorized the foreclosure. The original petition alleges a breach of contract claim, seeks to quiet title in Plaintiffs, and requests declaratory and injunctive relief. All claims for relief stem from Defendant's alleged violations of Sections 50(a)(6)(B), 50(a)(6)(M)(i), 50(a)(6)(M)(ii), and 50(a)(6)(Q)(v) of Article XVI to the Texas Constitution, which are described below. Before filing suit, on March 25, 2013, Plaintiffs sent Defendant a Notice of Request to Cure these alleged constitutional deficiencies. Defendant timely removed to this Court based on diversity of

---

[1] In reciting the facts, the Court relies on several documents attached to the original petition and the motion to dismiss, which are referred to in Plaintiffs' original petition and central to their claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (noting the propriety of considering such documents in ruling on a motion to dismiss under Rule 12(b)(6)).

citizenship and now seeks dismissal under Rule 12(b)(6), arguing that the statute of limitations bars all of Plaintiffs' claims.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal if a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To survive a motion to dismiss, a claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When the applicability of a statute of limitations defense is clear from the pleadings, Rule 12 dismissal is appropriate. *Frame v. City of Arlington*, 657 F.3d 215, 240 (5th Cir. 2011) (en banc).

## III. DISCUSSION

Under Texas law, "[n]o mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by" Section 50 of Article XVI to the Texas Constitution. Tex. Const. art. XVI, § 50(c). Section 50(a)(6) contains numerous constraints to which a home equity loan must adhere. For example, Section 50(a)(6)(B) prohibits loans that, when added to the principal balances of all other liens against the home, exceed 80 percent of the home's fair market value.

*Id.* § 50(a)(6)(B).  Additionally, loans may not close before twelve days after the loan application is submitted or before twelve days after the borrower receives notice that the loan is governed by Section 50(a)(6), *id.* § 50(a)(6)(M)(i), and cannot close until one business day after the borrower receives an itemized disclosure of closing costs, *id.* § 50(a)(6)(M)(ii).  The loan must provide that the borrower receives a copy of the final application and all documents executed at closing.  *Id.* § 50(a)(6)(Q)(v).  Plaintiffs allege that Defendant has violated all of these provisions of the Texas Constitution.

If a lien is placed on a homestead in violation of section 50(a)(6), the Texas Constitution provides that a party may give the lender notice of the defect, and the lender has 60 days in which to cure it.  *Id.* § 50(a)(6)(Q)(x).  A lender who fails to comply with these requirements or to correct its noncompliance during the 60-day window forfeits all principal and interest on the lien.  *Id.*

Plaintiffs filed this case less than two months after the Fifth Circuit issued its decision in *Priester*, which resolved a split in Texas federal district courts concerning whether Texas's residual four-year limitations period[2] applies to suits seeking to invalidate homestead liens that contravene the state constitution. *Compare Reagan v. U.S. Bank Nat'l Ass'n*, No. H-10-2478, 2011 WL 4729845, at

---

[2] Under Texas law, a four-year limitations period applies in "[e]very action for which there is no express limitations period, except an action for the recovery of real property."  Tex. Civ. Prac. & Rem. Code Ann. § 16.051.

\*3 (S.D. Tex. Oct. 6, 2011) (applying a four-year limitations period) *and Hannaway v. Deutsche Bank Nat'l Trust Co.*, No. A-10-CV-714-LY, 2011 WL 891669, at \*3 (W.D. Tex. Mar. 11, 2011) (same), *with Smith v. JPMorgan Chase Bank, Nat'l Ass'n*, 825 F. Supp. 2d 859, 867 (S.D. Tex. 2011) (holding that the residual limitations period does not apply). The plaintiffs in *Priester*, similar to those in this case, sought to invalidate their home equity loan on the grounds that the loan violated provisions of section 50(a)(6).[3] *Priester*, 708 F.3d at 672–73. The defendants argued that the four-year statute of limitations barred suit. *Id.* at 672. The Fifth Circuit acknowledged that the Texas Supreme Court had not yet addressed the statute of limitations issue, but concluded that the weight of authority from Texas intermediate courts of appeals, as well as Texas federal district and bankruptcy courts, had found that the limitations period did apply. *Id.* 673–74 & n.3.

In holding that the four-year statute of limitations applied to these types of claims, the Fifth Circuit disagreed with the federal district court cases cited by the *Priester* plaintiffs because those cases found that the unconstitutional loans were

---

[3] To the extent Plaintiffs argue that *Priester* is inapposite because it involved violations of different section 50(a)(6) subsections, *see* Docket Entry No. 5 at 2, the Court finds that the language in *Priester* is broad enough to subject all alleged violations of section 50(a)(6)'s numerous subsections to the residual limitations period, *see Priester*, 708 F.3d at 674 ("We thus conclude that a limitations period applies to constitutional infirmities under Section 50(a)(6))."), and there is no principled basis for distinguishing the various subsections for limitations purposes.

void *ab initio*, rather than voidable. *Id.* at 674 & n.4. The Fifth Circuit instead reasoned that "the Texas Supreme Court considers liens created in violation of Section 50(a)(6) to be voidable rather than void" because "a 'void' lien could not be 'voided' by future action," such as that contained in the cure provision of section 50(a)(6)(Q)(x). *Id.* at 674.

After determining that the residual limitations period applied, the Fifth Circuit went on to hold that such a claim accrues at the lien's closing, rather than on the date that the plaintiff discovers the lien's unconstitutionality. *Id.* at 675–76. The Fifth Circuit explained that the injury rule applies, nothing makes the injury inherently undiscoverable, and "a lack of knowledge [of illegality] is insufficient to toll limitations." *Id.* ("Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by allowing parties to wait many years to demand cure.").

Based on *Priester*, Plaintiffs' suit is subject to a four-year statute of limitations that began to run on November 14, 2006, the closing date of the allegedly deficient loan. The limitations period thus expired November 14, 2011, less than one week before Defendant sent the Notice of Acceleration, and a full sixteen months before Plaintiffs sent Defendants their Notice of Request to Cure and filed this lawsuit. Plaintiffs' suit is barred under the statute of limitations. *See also McDonough v. JPMorgan Chase Bank, N.A.*, No. 3:12-CV-189, 2013 WL

1966930, at *2–3 (S.D. Tex. May 13, 2013) (applying *Priester* to plaintiffs' section 50(a)(6) claims and holding that the suit was barred by the four-year residual limitations period).

Plaintiffs' response, which provides a panoramic review of the law and history of home equity lending in Texas, argues that "*Priester* is flat out wrong." Docket Entry No. 5 at 9. But this Court "is bound by the Fifth Circuit's interpretation of Texas law unless a subsequent state court decision or statutory amendment renders the Fifth Circuit's prior decision clearly wrong." *Burleson v. Liggett Grp. Inc.*, 111 F. Supp. 2d 825, 827 (E.D. Tex. 2000) (citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747, 749 (5th Cir. 1995)). Given that there have been no such subsequent decisions or amendments in the five months since *Priester* was decided, this Court must follow the Fifth Circuit's interpretation of state law.

The Court also finds unpersuasive Plaintiffs' argument that the statute of limitations does not apply here because they are asserting a defense to foreclosure rather than a claim for damages seeking forfeiture of principle and interest already paid. In both their briefing and at a hearing on this motion, Plaintiffs appear to concede that the argument that a violation of Section 50(a)(6) can serve as a defense to foreclosure rests on the view that an unconstitutional home equity loan is void. As discussed above, *Priester* rejected that position, concluding that such a

7 / 8

loan is merely voidable, and the effort to invalidate it must be made within the four-year limitations. *Priester*, 708 F.3d at 674; *see also McDonough*, 2013 WL 1966930, at *2–3 (relying on *Priester* in rejecting the plaintiffs' request for a declaratory judgment that a home equity loan violated the Texas Constitution); *Sigaran v. U.S. Bank Nat'l Ass'n*, No. H-12-3588, 2013 WL 2368336, at *8 (S.D. Tex. May 29, 2013) (expressly rejecting the "no limitations period applies to affirmative defenses" argument when applied to a claim seeking a declaration that a bank had no authority to foreclose).

## IV. CONCLUSION

Lawsuits alleging violations of Article XVI, Section 50(a)(6) of the Texas Constitution are subject to Texas's residual four-year limitations period, in light of the Fifth Circuit's recent *Priester* decision. Because Plaintiffs failed to file this suit alleging violations of Section 50(a)(6) within the applicable four-year limitations period, the motion to dismiss (Docket Entry No. 3) is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED** this 29th day of July, 2013.

_____
Gregg Costa
United States District Judge